■ ALBEE TEXTILE CORPORATION, Respondent, v NEW CHEROKEE CORPORATION, Appellant. [599 NYS2d 284] —Order, Supreme Court, New York County (Stephen Crane, J.), entered September 10, 1992, which, *inter alia,* denied defendant's motion for summary judgment and granted plaintiff's cross motion for leave to serve a second amended complaint, unanimously affirmed, with costs.

Although the submitted writings, which allegedly evidence the "Confinement Agreement", are insufficient to constitute a valid written contract in light of their lack of, *inter alia,* price, quantity and means of termination information, it is possible for the alleged oral "Confinement Agreement" to be performed within one year, and thus the Statute of Frauds does not bar enforcement of said oral agreement *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171). Moreover, under the circumstances, the term "profitable" (as asserted in the second amended complaint and plaintiff's papers on the motion) is not so vague that its intended meaning cannot be determined by the trier of facts *(see, Niederhoffer, Cross & Zeckhauser v Telstat Sys.,* 436 F Supp 180, 183, n 3). We also note that while it appears that Albee consented to the termination of the agreement between the parties, the circumstances which led to the alleged "consent" create questions as to the intended effect of Albee's actions *(see, Merrill Lynch Commodities v Richal Shipping Corp.,* 581 F Supp 933, 939, n 14).

We have considered all other claims and find them to be of no merit. All other causes of action (except the claim for fraud which has been deleted) have been sufficiently pleaded and since material issues of fact exist with regard to each of these claims, summary judgment was appropriately denied. Concur —Wallach, J. P., Kupferman, Ross and Kassal, JJ.